## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

RICHARD COOK,

        Petitioner,   :   Case No. 1:22-cv-140

- vs -   District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

        Respondent.   :

## REPORT AND RECOMMENDATIONS

This is an action brought *pro se* by Petitioner Richard Cook under 28 U.S.C. § 2254 to obtain habeas corpus relief from his conviction in the Hamilton County Court of Common Pleas. It is ripe for decision on the Petition (ECF No. 7), the State Court Record (ECF No. 11), the Return of Writ (ECF No. 12), and Petitioner's Traverse (ECF No. 14).

**Litigation History**

On January 12, 2007, a Hamilton County Grand Jury indicted Cook on one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(2) with specifications (Count 1), one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with specifications (Count 2), one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(2) (Count 3), one count of carrying concealed weapons in violation of Ohio Rev. Code § 2923.12(A) (Count 4), and one count having

1

weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3) (Count 5)(Indictment, State Court Record, ECF No. 11, Ex. 1). A trial jury found Cook guilty as charged and he was sentenced to an aggregate prison term of eighteen years.

On June 18, 2008, with the assistance of new counsel, Cook obtained a delayed appeal from the First District Court of Appeals. After briefing, that court vacated the robbery conviction but affirmed in all other respects (Judgment Entry, State Court Record, ECF No. 11, Ex. 11). Cook did not appeal to the Supreme Court of Ohio. However, on June 19, 2009, he filed, *pro se,* an Application for Reopening under Ohio R. App. P. 26(B). *Id.* at Ex. 12. The First District denied the Application as untimely and as raising issues already dealt with on direct appeal; Cook did not appeal to the Ohio Supreme Court. *Id.* at Ex. 14. At the same time Cook filed a motion to vacate a void judgment, but did not appeal from its denial. *Id.* at Ex. 15. Cook has filed several unsuccessful motions for judicial release and petitions for mandamus. *Id.* at Exs. 17-26.

On March 8, 2022, Cook deposited his Petition in the prison mailing system. That counts as the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). He pleads one ground for relief:

> **Ground One: Writ Of Mandamus**: The Bureau of Sentence Computation failure to calculate and record the Relator's sentence as imposed on the sentencing record violates Relator's Due Process rights under Const.
>
> **Supporting Facts:** As shown in the sentencing hearing record, the sentencing judge ordered that the count 1 and 2 gun specification be [merged] with the underlying offense in Counts 1 and 2. Instead of the executive branch "BOSCO" running Relator's sentence in counts 1 and 2 concurrent with count 1 and 2 gun specifications to reflect the sentencing judge's oral pronouncement, the Bureau of Sentence Computation "BOSCO" took it upon themselves to run the count 1 and 2 gun specifications consecutive to the underlying offense in Count 1 and 2. Even though the sentencing court's concurrent sentencing of count 1 and 2 gun specification with the underlying offense in count 1 and 2 may not been in accordance with

2

> statutorily mandated term, "BOSCO" acted well beyond its authority by correcting the error by itself.

(Petition, ECF No. 7).

## Analysis

28 U.S.C. §244(d) was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent asserts the Petition is time-barred under § 2244(d)(1)(A) because it was filed many years after Cook's conviction became final on direct review. Respondent claims the

3

conviction became final on direct review on May 2, 2009, the forty-fifth and last day on which Cook could have appealed from the First District's decision on direct appeal to the Supreme Court of Ohio. Based on that start date for the statute of limitations, it would have expired one year later on May 3, 2010. If that is the correct calculation, Cook's Petition is plainly time-barred because it was not filed until March 8, 2022, almost twelve years later.

Cook responds by claiming the benefit of § 2244(d)(1)(D). He asserts the "factual predicate" of his Petition is the fact that he was not released from custody on November 26, 2022, the projected date of release if his aggregate sentence was fifteen years, as he contends, instead of eighteen. (Traverse, ECF No. 14, PageID 700). He, of course, could not have discovered the fact of non-release on November 26, 2022, until it happened and therefore the statute does not run, he claims, until November 26, 2023.

Petitioner's argument is not persuasive. He has known since at least the filing of the sentencing entry November 26, 2007, that the aggregate sentence intended to be imposed by the trial court was eighteen years imprisonment (Judgment Entry, State Court Record, ECF No. 11, Ex. 6). As Respondent notes, that length of sentence was acknowledged by Cook, both personally and through counsel, repeatedly from the time of sentencing until January 25, 2021. On that date he filed a Petition for Writ of Mandamus in the Hamilton County Court of Common Pleas asserting the discrepancy between the orally-pronounced sentence of fifteen years and the written Judgment Entry. This discrepancy is that factual predicate on which he bases his sole ground for habeas relief. That is, he claims he is entitled as a matter of due process to the orally-pronounced fifteen year sentence instead of the written eighteen year sentence.

This description of when Cook actually discovered the "factual predicate" of his claim elides the question posed by the statute: when could he have discovered that predicate in the

exercise of due diligence? Since he heard the fifteen-year sentence orally pronounced and he received the written judgment entry shortly thereafter, he could have discovered the discrepancy as soon as he received the written entry, presumably shortly after it was filed November 26, 2007.

In sum, if we calculate the statute of limitations from the date when Cook could have learned of the discrepancy just by looking at the written Judgment Entry, the statute would have expired approximately December 1, 2008. If, on the other hand, the statute runs from the date when Cook acknowledged the discrepancy by making it the basis of his state court mandamus action, the statute would have expired January 26, 2022. By either calculation, the Petition, filed March 8, 2022, is barred by the statute. The Petition should therefore be dismissed as time-barred.

Cook attempts to change the playing field by pleading two new habeas corpus grounds for relief in his Traverse:

> **Ground One**: The state official's failure to correct his release date from November 26, 2025 to November 26, 2022 deprived him of liberty by wrongfully Keeping him in custody from November 26, 2022 until this present; date; and
>
> **Ground Two**: The Petitioner's prolonged detention past the November 26, 2022 release date to which he is entitled Violates his Eighth Amendment right from Cruel and Unusual Punishment.

(ECF No. 14, PageID 700).

These two new grounds for relief are not properly before the Court because Petitioner has never sought nor received permission to amend his Petition. Under 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." The relevant rule is Fed.R.Civ.P. 15 which requires that an amendment made after an opposing party has answered requires either the consent of the opponent or court permission. Cook has not shown consent of the Attorney General and he has neither sought nor obtained court permission.

Precedent specifically provides a habeas court need not consider amendments made or attempted to be made in a traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 12, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge