IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

RICHARD COOK,

           Petitioner,    :    Case No. 1:22-cv-140

- vs -                           District Judge Matthew W. McFarland
                                      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                    :
           Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This is an action brought *pro se* by Petitioner Richard Cook under 28 U.S.C. § 2254 to obtain habeas corpus relief from his conviction in the Hamilton County Court of Common Pleas. On August 16, 2023, District Judge Matthew McFarland entered judgment dismissing this case with prejudice (ECF No. 20) for the reasons given in the Magistrate Judge's Report and Recommendations (ECF No. 16). The case is now before the Court on Petitioner's Motion to Reconsider, filed under Fed.R.Civ.P. 59(e)(ECF No. 22).

As a post-judgment motion, the Motion to Reconsider requires a report and recommendation from the assigned Magistrate Judge.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009)

1

(quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis,* 912 F.2d at 133; *Collison,* 34 F.3d at 236; *Hayes,* 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS,* 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, ___ F.4th ___, 2023 WL 4992815 (6th Cir. Aug. 4, 2023). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment.").

The gravamen of Cook's claim is that he is entitled to the fifteen-year sentence which the trial judge orally pronounced at sentencing instead of the eighteen-year sentence which the trial judge journalized. Respondent asserted the claim was barred by the one-year statute of limitations enacted

at 28 U.S.C. § 2244(d).  Cook responded by claiming that the one-year should run from November 26, 2022, the date he believes he should have been released.  The Report, which Judge McFarland adopted, rejected this argument for a number of reasons.  In his instant Motion Cook merely repeats the arguments he previously made.  That is not properly within the scope of a Rule 59(e) motion and should be rejected in any event because Cook's argument remains unpersuasive.

Cook's Motion to Reconsider should be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 21, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge